```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/10/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
FRANK S. DRAYTON,                                             :
                                                              :
                              Plaintiff,                      :       1:25-cv-5264-GHW
                                                              :
              -v-                                             :       ORDER OF SERVICE
                                                              :
CITY OF NEW YORK, *et al.*,                                   :
                                                              :
                              Defendant(s).                   :
                                                              :
------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

Plaintiff Frank S. Drayton, who appears *pro se*, brings this action asserting claims for damages. He sues: (1) the City of New York; (2) New York City Police Department ("NYPD") Police Officer Joel Chisholm; (3) "14th Precinct MTS," which appears to be a reference to the NYPD's Midtown South Precinct; (4) "Unidentified Other Officers"; (5) NYPD Police Sergeant Courtney Hamlin; (6) "Unidentified Responding Officers," who appear to be assigned to the NYPD's Midtown South Precinct; and (7) unidentified "Transporting Latino Responding Officer," who also appears to be assigned to the NYPD's Midtown South Precinct. The Court construes Plaintiff's complaint as asserting claims of federal constitution violations, under 42 U.S.C. § 1983, as well as claims under state law.

On June 30, 2025, the court granted Plaintiff leave to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP").[1] For the reasons set forth below, the Court dismisses Plaintiff's

---

[1] While Plaintiff is likely not in custody at present, and his address of record is his Monticello, New York, home address, because it appears that he submitted his complaint for its delivery to the court while he was in custody in the Sullivan County Jail, he is considered a prisoner for the purposes of the adjudication of this action. *See* 28 U.S.C. §§ 1915(e)(2)(B), (h), 1915A; *Gibson v. City Municipality of New York*, 692 F.3d 198, 201 (2d Cir. 2012) ("'[T]he relevant time at which a person must be 'a prisoner' within the meaning of [Sections 1915 and 1915A] in order for the [relevant] restrictions to apply is 'the moment the plaintiff files his complaint.'" (quoting *Harris v.*

claims against "14th Precinct MTS." The Court requests that the City of New York, Chisholm, and Hamlin waive service of summonses. The Court also directs the Corporation Counsel of the City of New York to provide to Plaintiff and to the Court the full identities and badge numbers of the unidentified defendants.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

---

*City of New York*, 607 F.3d 18, 21-22 (2d Cir. 2010)); *see also Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993) (extending the "prison mailbox rule" applying to prisoner-filed notices of appeal to prisoner-filed civil complaints).

2

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## DISCUSSION

**A.     "14th Precinct MTS"**

The Court must dismiss Plaintiff's claims against "14th Precinct MTS," which the Court understands to be a reference to the NYPD's Midtown South Precinct, because an agency of the City of New York, such as an NYPD precinct, is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Oracca v. City of New York*, 897 F. Supp. 148, 152 (S.D.N.Y. 1995) ("[T]he [NYPD's] 25th Precinct is a subdivision of the Police Department without the capacity to be sued."); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against "14th Precinct MTS" for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

3

**B.     The City of New York, Chisholm, and Hamlin**

The Court directs the Clerk of Court to electronically notify the NYPD and the New York City Law Department of this order. The Court requests that the City of New York, NYPD Police Officer Joel Chisholm (Badge No. 970452), and NYPD Police Sergeant Courtney Hamlin (Badge No. 932165) waive service of summonses.

**C.     Unidentified defendants**

Under *Valentin v. Dinkins*, a *pro se* litigant is entitled to assistance from the district court in identifying an unidentified defendant. 121 F.3d 72, 76 (2d Cir. 1997). In the complaint, Plaintiff supplies sufficient information to permit the NYPD to identify the unidentified defendants; they include those members of the NYPD who took part in the pursuit, arrest, detainment, transport, and criminal charging of Plaintiff because of events that took place on February 19, 2025, at the intersection of 41st Street and 9th Avenue, in New York, New York. It is therefore ordered that the Corporation Counsel of the City of New York, who is the attorney for and agent of the NYPD, must ascertain the full identity and badge number of each of the unidentified defendants. The Corporation Counsel must provide this information to Plaintiff and the Court within 60 days of the date of this order.

Within 30 days of receiving this information, Plaintiff must file an amended complaint naming the newly identified individuals as defendants and providing their badge numbers. The amended complaint will replace, not supplement, the original complaint. An amended complaint form that Plaintiff should complete is attached to this order. Once Plaintiff has filed an amended complaint, the Court will screen the amended complaint and, if necessary, issue an order requesting that the newly identified defendants waive service of summonses.

4

## CONCLUSION

The Court directs the Clerk of Court to mail an information package to Plaintiff.

The Court dismisses Plaintiff's claims against "14th Precinct MTS."

The Court also directs the Clerk of Court to electronically notify the NYPD and the New York City Law Department of this order. The Court requests that the City of New York, NYPD Police Officer Joel Chisholm (Badge No. 970452), and NYPD Police Sergeant Courtney Hamlin (Badge No. 932165) waive service of summonses, and the Court directs that the New York City Law Department respond as directed above with respect to the Court's *Valentin* instructions.

An amended complaint form is attached to this order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated:    August 10, 2025 New York, New York

GREGORY H. WOODS
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

Write the full name of each plaintiff.

\_\_\_\_\_CV_____

(Include case number if one has been assigned)

-against-

**AMENDED**

_____

**COMPLAINT**

_____

Do you want a jury trial?
☐ Yes   ☐ No

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I. BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐ **Federal Question**

☐ **Diversity of Citizenship**

### A. If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

### B. If you checked Diversity of Citizenship

#### 1. Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of
              (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
            (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing information for each additional defendant.

## II. PARTIES

### A. Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

_____

First Name          Middle Initial          Last Name

_____

Street Address

_____

County, City                  State            Zip Code

_____

Telephone Number              Email Address (if available)

Page 3

**B. Defendant Information**

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State                    Zip Code

Defendant 2:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State                    Zip Code

Defendant 3:

First Name                              Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City                    State                    Zip Code

Defendant 4:

First Name          Last Name

Current Job Title (or other identifying information)

Current Work Address (or other address where defendant may be served)

County, City          State          Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence:

Date(s) of occurrence:

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

## V. PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |

| First Name | Middle Initial | Last Name |

Street Address

| County, City | State | Zip Code |

| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

   If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.