UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
                                                      :
FRANK S. DRAYTON,                                     :
                                                      :
                              Plaintiff,              :        1:25-cv-5264-GHW
                                                      :
              -v-                                     :        ORDER
                                                      :
CITY OF NEW YORK, *et al.*,                           :
                                                      :
                              Defendants.             :
                                                      :
------------------------------------------------------------------ X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/10/2026

GREGORY H. WOODS, United States District Judge:

On June 24, 2025, Plaintiff Frank S. Drayton, proceeding *pro se*, filed this action asserting claims for damages. Dkt. No. 1. On August 8, 2025, the Court directed Corporation Counsel of the City of New York to determine the full identity and badge number of each of the unidentified Defendants within 60 days of that order. Dkt. No. 6 at 4. The Court further ordered that Mr. Drayton must file an amended complaint "naming the newly identified individuals as defendants and providing their badge numbers" within 30 days of receiving the full identify of the unidentified Defendants. *Id.* On October 9, 2025, counsel for Defendants identified by name and badge number those unidentified Defendants. On October 10, 2025, the Court reminded Mr. Drayton that "if he wishes for his case to proceed, he must file an amended complaint that complies with the Court's August 8, 2025 order no later than November 10, 2025." Dkt No. 13. On November 13, 2025, "mindful that Mr. Drayton is proceeding *pro se*," the Court extended the deadline for Mr. Drayton to file any amended complaint to November 26, 2025. Dkt. No. 17.

On December 2, 2025, having not received any amended complaint, the Court dismissed Mr. Drayton's claims against the "Unidentified Other Officers" and "Transporting Latino Responding Officers" without prejudice and set a briefing schedule for Defendants to answer or otherwise respond to the complaint. Dkt. No. 18. On January 7, 2026, Defendants filed a motion

to dismiss Plaintiff's complaint for lack of prosecution under Rule 41(b).  Dkt. No. 21.

Since then, Plaintiff has failed to appear at three conferences.  *See* Dkt. Nos. 23 (ordering the parties to appear at the January 21, 2026 conference to discuss Defendants' motion to dismiss for failure to prosecute), 25 (ordering the parties to appear at conferences on February 3, 2026 and February 10, 2026).  In its January 21, 2026 order, the Court ordered Plaintiff **"to personally attend both the February 3, 2026 conference and the February 10, 2026 conference"** and warned that "[i]f Plaintiff does not attend both conferences, the Court will dismiss his claims against Defendants for failure to prosecute."  Dkt. No. 25 at 1 (emphasis in original).  The Court, the Court's staff, and Defendant's counsel all appeared at the February 10, 2026 conference, as they had on February 3, 2026 and January 21, 2026.  But Plaintiff did not.  This is Plaintiff's third failure to appear for a Court-scheduled conference.  Plaintiff has provided no justification for his failure to appear.  In sum, Plaintiff is taking no steps to prosecute his case.

"Rule 41(b) authorizes a district court to 'dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute.'"  *Lawrence v. Curry Shack, Corp.*, No. 17-CV-10250 (JGK), 2019 WL 1493577, at *1 (S.D.N.Y. Apr. 3, 2019) (citing *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995)).  Although dismissal is "a harsh remedy to be utilized only in extreme situations," *Theilmann v. Rutland Hospital, Inc.*, 455 F.2d 853, 855 (2d Cir. 1972), "the authority to invoke it for failure to prosecute is vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts."  *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 42 (2d Cir. 1982).  When determining whether to dismiss a complaint pursuant to Rule 41(b), the Court must consider: (1) the duration of the plaintiff's failures; (2) whether the plaintiff has received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) a balancing of the need to alleviate court calendar congestion and a party's right to due process; and (5) the efficacy of lesser sanctions. *U.S.*

2

*ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004).

Dismissal of this action for failure to prosecute is warranted here. Plaintiff has failed to comply with two of the Court's orders. He has failed to appear at three Court-scheduled conferences at which he was ordered to appear. *See* Dkt. Nos. 23 & 25. And despite multiple reminders and *sua sponte* extensions, Plaintiff did not take advantage of the opportunity to amend his complaint. Plaintiff has given no indication that he intends to prosecute this action. Given Plaintiff's failure to heed the Court's orders, despite ample time to do so and notice that his case would be dismissed for failure to prosecute, "it would be unfair to the numerous other litigants awaiting the Court's attention to permit [her claims] to remain on the Court's docket," *Antonio v. Beckford*, 05 Civ. 2225 (KMK), 2006 WL 2819598, at *4 (S.D.N.Y. Sept. 29, 2006). In light of these circumstances, the Court does not believe that any lesser sanction other than dismissal would be effective.

However, the Court finds that dismissal without prejudice is an appropriate sanction, which will "strike the appropriate balance between the right to due process and the need to clear the docket and avoid prejudice to defendant by retaining open lawsuits with no activity." *Amoroso v. Cty. of Suffolk*, No. 08-CV-826 (JFB), 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010). Accordingly, Plaintiff's claims against Defendants are dismissed without prejudice for failure to prosecute pursuant to Rule 41(b). The Clerk of Court is directed to terminate all pending motions, close this case, and mail a copy of this order to Plaintiff. The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

Dated: February 10, 2026
      New York, New York

                                  GREGORY H. WOODS
                           United States District Judge

3